UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| In Re: GARY WESLEY WINTERS | ) ) ) | Chapter 13 |
| JANET MARIE WINTERS | ) | Case No. 06-70447 |
| Debtors. | ) ) | |

## DECISION AND ORDER

At Roanoke in said District this 22nd day of November 2006:

The matter before the Court is the Debtors' Motion to Impose the Automatic Stay[1] pursuant to 11 U.S.C. § 362(c)(4). The Court conducted a hearing on the Motion in Roanoke on June 13, 2006. At that time, the Court took the matter under advisement and requested that the Debtors submit a memorandum of authorities in support of the Motion. After due consideration of the evidence and authorities and for the reasons stated here, the Motion is granted.

## BACKGROUND

The Debtors filed a petition under Chapter 13 of the Bankruptcy Code on May 12, 2006. The Debtors filed two Chapter 13 petitions with this Court, both of which were pending within the year preceding the filing of the present case. Debtors filed their first case (No. 04-02166) on May 13, 2004; the case was dismissed on the Trustee's Motion on

---

[1] The Debtor's motion was entitled "Motion to Extend Automatic Stay," although the relief requested was the imposition of the stay. Because the automatic stay did not come into effect upon the filing of this case, the motion will be referred to as a Motion to Impose the Automatic Stay.

1

October 5, 2005. Debtors filed their second case (No. 05-74322) on October 6, 2005; the case was dismissed on the Trustee's Motion on April 13, 2006. In both prior cases, the Debtors failed to make payments in accordance with the respective Chapter 13 plans.

At the hearing, the female Debtor testified that during the pendency of the prior two cases, both Debtors were self-employed - the female Debtor as a private duty nurse and the male Debtor as an independent contractor for a tree servicing company. Because both Debtors were self-employed, their income fluctuated significantly from month-to-month. In particular, the male Debtor's income was highly contingent upon weather conditions. As a result of their inconsistent income, the Debtors were unable to make their plan payments. In addition, during the pendency of the second case, both Debtors required extensive dental work. Both Debtors lacked dental insurance and, therefore, their dentist required them to pay in full prior to receiving treatment.

Because the Debtors had two cases pending within the year preceding this case, the automatic stay did not go into effect when they filed. 11 U.S.C. § 362(c)(4)(A)(i). On May 19, 2006, the Debtors filed a Motion to Impose the Automatic Stay[2] as to all creditors in this case. *See* 11 U.S.C. § 362(c)(4)(B).

At the time of filing of the present case, the female Debtor continued to be self-employed as a private duty nurse. However, the male Debtor had changed his employment status with the same tree servicing company from an independent contractor to a salaried employee.

---

[2] The hearing on the Motion was set for June 8, 2006. *See* Docket Entry No. 12. The hearing was continued to June 13, 2006. *See* Docket Entry Nos. 23 and 24.

2

Because the male Debtor is now salaried, his income does not fluctuate and he is able to make plan payments through a wage deduction arrangement with his employer. The male Debtor also works a second job as a karate instructor, providing extra income. The Debtors do not expect to need further dental work. These factors are used by the Debtors to prove a good faith filing. Neither the Trustee nor any creditor objected to the Debtors' Motion.

## DISCUSSION

If joint debtors had two bankruptcy cases pending within one year of the present case, Section 362(c)(4)(A)(i) provides that the automatic stay shall not go into effect upon the filing of the present case. However, Section 362(c)(4)(B) provides for the imposition of the stay if, within 30 days after filing the present case, the debtors file a motion seeking imposition of the stay, there is notice and a hearing, and the debtors demonstrate that the present case is filed "in good faith as to the creditors to be stayed." *Id.*

Section 362(c)(4)(D) also provides:

For the purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary) –
    (i) as to all creditors if –

        (I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

        (II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate

3

> protection as ordered by the court, or failed to perform
> the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the
> financial or personal affairs of the debtor since the
> dismissal of the next most previous case under this title,
> or any other reason to conclude that the later case will
> not be concluded, if a case under chapter 7, with a
> discharge, and if a case under chapter 11 or 13, with a
> confirmed plan that will be fully performed . . .

11 U.S.C. § 364(c)(4)(D).

The Debtors' two previous cases were pending within one year prior to the present case. In addition, both cases were dismissed because the Debtors failed to comply with their confirmed plans. Therefore, the Debtors meet the criteria of subsections (I) and (II) above and a presumption arises that the Debtors did not file the present case in good faith.[3]

The presumption that the Debtors did not file the present case in good faith may only be rebutted by clear and convincing evidence. 11 U.S.C. § 362(c)(4)(D). Only after the presumption is rebutted may the bankruptcy court impose the automatic stay. *Id.* The Bankruptcy Code does not provide guidance on the facts which the Debtors must prove to overcome the presumption. There is no reported case decision on what debtors must prove to overcome the presumption arising under 11 U.S.C § 362(c)(4).[4] However, a presumption that a case is not filed in good faith also arises under Section 362(c)(3). Both sections create a presumption of lack of good faith and require debtors to rebut it by clear and convincing evidence to the contrary. *Compare* 11 U.S.C. § 362(c)(3)(C) and 11U.S.C. § 362(c)(4)(D).

---

[3] Only one of the three criteria in § 362(c)(4)(D) is necessary to trigger the presumption.

[4] Cases have been published concerning 11 U.S.C. § 362(c)(4), however, no cases, as of the date of this decision, have been published that examine what constitutes the clear and convincing evidence required to rebut the presumption that a case falling under 11 U.S.C. § 362(c)(4)(B) is filed not in good faith.

Courts have analyzed the factors relevant to the analysis of good faith under Section 362(c)(3) and because of the similarity between §§ 362(c)(3) and (c)(4), decisions under § 362(c)(3) are helpful.  *See, e.g.*, *In re Mark*, 336 B.R. 260 (Bankr. Md. 2006) (analyzing factors relevant to the analysis of good faith under Section 362(c)(3)).

In *Mark*, 336 B.R. at 266-68, the bankruptcy court utilized the totality of the circumstances analysis enumerated in *Neufeld v. Freeman*, 794 F.2d 149 (4th Cir. 1986) to measure good faith.  In *Neufeld*, the Fourth Circuit considered the elements of good faith necessary to the confirmation of a Chapter 13 plan.[5]  *Neufeld* holds that prefiling conduct is a criteria for good faith and reinforced its decision in *Deans v. O'Donnell*, 692 F.2d 968 (4th Cir. 1982), that previous filings are an element of good faith.[6]  According to *Neufeld*, the ultimate purpose of the good faith inquiry is to "determine whether, considering 'all militating factors,' there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan.'" *Id.* at 152 (quoting *Deans v. O'Donnell*, 692 F.2d at 972).

The court in *Mark*, 336 B.R. at 267-68, also utilized the analysis of *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir. 1989), which explored the requirement of good faith in the context of a motion to dismiss a Chapter 11 case brought under Section 1112(b).  Although not specifically expressed in the Bankruptcy Code, the Fourth Circuit adopted a good faith filing requirement which "prevents abuse of the bankruptcy process" and "protects the

---

[5] In *Neufeld* a creditor objected to confirmation, alleging lack of good faith "pointing particularly to the debtor's conduct giving rise to Neufeld's claim and to her prior bankruptcy filings." 794 F.2d at 151.

[6] The non-exclusive factors set forth in *Neufeld* included the percentage repayment in the current case, employment history and prospects, the nature and amount of unsecured claims, past bankruptcy filings, honesty in schedules, the motivation in filing the current case and the prepetition conduct of the debtors. *Neufeld*, 794 F.2d at 152-53.

jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshalling and turnover of assets) available only to those debtors and creditors with 'clean hands.'" 886 F.2d at 698 (quoting *In re Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986)). *Carolin* holds that a creditor seeking to dismiss a Chapter 11 case for bad faith must prove that objective futility and subjective bad faith were present at the filing. *Id.* at 701.

Like *Neufeld*, *Carolin* also adopted a totality of the circumstances test. 886 F.2d at 701. As to the objective futility component, the court reasoned that the scope of the inquiry is to determine whether there is any "hope of rehabilitation, except according to the debtor's 'terminal euphoria.'" *Id.* at 701-02 (quoting *In re Little Creek Development Co.*, 779 F.2d at 1073). As to the subjective inquiry into bad faith, the court stated that the "aim is to determine whether the petitioner's real motivation is 'to abuse the reorganization process' and 'to cause hardship or delay to creditors by resort to the Chapter 11 device merely for the purpose of invoking the automatic stay, without intent or ability to reorganize his financial activities.'" *Id.* (quoting *In re Thirtieth Place, Inc.*, 30 B.R. 503, 505 (B.A.P. 9th Cir. 1983)).

In applying the *Neufeld* and *Carolin* standards to this case, the Court first looks to the past filings of the Debtors. In the past year, the Debtors had two cases pending, both of which were dismissed for the failure of the Debtors to remain current on their plan payments. As indicated in the female Debtor's testimony, the Debtors fell into default under their plan because of extended periods of inconsistent income. In their second case, the cost of dental work also contributed to the Debtors' inability to make their plan payments. There is no

evidence that prefiling conduct is at issue in this case.[7] Also, there is a reasonable explanation for dismissal of two cases within twelve months of the filing of the present case.

The Court next evaluates the Debtors' financial situation, including the Debtors' employment history and prospectus. In applying the *Carolin* objective futility test to this case, it is clear that the Debtors' situation would be objectively futile if the circumstances which caused the Debtors' to default on their previous plans had not changed. But, the male Debtor now has a steady income and is able to make plan payments through wage deduction. In addition, the Debtors do not expect any further dental expenses. When they believed they had a reasonable prospect of completing a Chapter 13 plan and curing the mortgage arrearage, they refiled before their property was sold. The creditor involved has not objected to the imposition of the stay. These factors favor the Debtors' advocacy of a good faith filing.

The next factor to consider is the Debtors' motivation in filing this case. The female Debtor in this case indicated in her testimony that the Debtors filed this case in order to prevent the loss of their home and that they wish to cure the mortgage arrearage through a plan.

The Court has also assessed the prepetition conduct of the Debtors. The Debtors filed this case on May 12, 2006, twenty-nine days after the dismissal of their last case. The delay in filing, as evidenced by the female Debtor's testimony, occurred because Debtors took the

---

[7] It is also important to note that in this case, unlike *Neufeld*, there is no assertion that the Debtors are seeking to use Chapter 13 to discharge debts which would not be dischargeable in Chapter 7.

time to analyze their ability to address their debts outside of bankruptcy given their most current financial situation, which included the male Debtor's salaried position.

## CONCLUSION

In considering the totality of the circumstances in the case at bar, this Court finds that the Debtors have presented clear and convincing evidence sufficient to rebut the presumption of bad faith in § 362(c)(4) and that grounds for imposition of the automatic stay as to all creditors exist.[8] Accordingly, it is

## ORDERED:

That the motion to impose the automatic stay of 11 U.S.C. § 362(a) is GRANTED and the stay is in force as to all creditors effective May 19, 2006.

Copies are to be sent to the Debtors, Gary Wesley Winters and Janet Marie Winters, 3245 Mountain Pass Road, Troutville, VA 24175; to the Trustee, Rebecca Connelly, P. O. Box 1001, Roanoke, VA 24005 ; to the Counsel for the Debtors, Bryan James Palmer, Esq., P. O. Box 622, Roanoke, VA 24004; and to all creditors shown on Debtors' mailing matrix.

Entered: November 22, 2006

                ROSS W. KRUMM
                UNITED STATES BANKRUPTCY JUDGE

---

[8] The Court is aware that some courts analyzing good faith under 11 U.S.C. § 362(c)(3) have utilized a seven factor totality of the circumstances test. *See In re Havner*, 336 B.R. 98, 103-04 (Bankr. M.D. N.C. 2006) (quoting *In re Galanis*, 334 B.R. 685, 693 (Bankr. D. Utah 2005)). The seven factors utilized to analyze good faith under Section 362(c)(3)(B) are as follows: 1) the timing of the petition; 2) how the debt(s) arose; 3) the debtor's motive in filing the petition; 4) how the debtor's actions affected creditors; 5) why the debtor's prior case was dismissed; 6) the likelihood that the debtor will have a steady income throughout the bankruptcy case, and will be able to properly fund a plan; and 7) whether the Trustee or creditors object to the debtor's motion. *Havner*, 336 B.R. at 103. Application of the seven factor *Galanis* test to the facts in the case at bar would not change the result.